UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MALCOLM JAMES FONTENOT,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>KING COUNTY ADULT & JUVENILE DETENTION CENTER,<br><br>　　　　　　　　　Defendants. | Case No. C22-1472 TL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR APRIL 7, 2023 |

　　　　　This matter is before the Court on Plaintiff's failure to update his address with the Court. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). For the reasons set forth below, the undersigned recommends that the Court dismiss this matter without prejudice for failure to prosecute under LCR 41(b)(2).

　　　　　On October 14, 2022, plaintiff filed an application for leave to proceed *in forma pauperis* ("IFP") and a proposed complaint alleging claims pursuant to 42 U.S.C. § 1983. Dkt. 1. On October 18, 2022, the Court mailed to plaintiff's address of record a notice of filing deficiency because plaintiff used the incorrect IFP form. This notice was returned to the Court as undeliverable.

　　　　　On November 4, 2022, the Court ordered plaintiff to notify the Court of his current mailing address by December 30, 2022. Dkt. 5. This order, which was sent to two different potential addresses for plaintiff, was returned as undeliverable. Dkts. 6, 7.

REPORT AND RECOMMENDATION - 1

Plaintiff has filed neither a corrected IFP application nor has he provided the Court with an updated address.

Pursuant to Local Rule 41:

> A party proceeding pro se shall keep the court and opposing parties advised as to his or her current mailing address . . .. If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service . . . and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing . . . address, the court may dismiss the action without prejudice for failure to prosecute.

Local Rules, W.D. Wash., LCR 41(b)(2). "Local Rule 41(b)(2) . . . confers discretion on the court to dismiss a pro se plaintiff's action if the plaintiff fails to keep the court apprised of his correct address." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). Plaintiff "bears the burden of keeping the court apprised of any changes in his mailing address." *Id.* at 1441. Further, "a defendant may move for dismissal of an action or of any claim against" the plaintiff "[f]or failure to prosecute or to comply with" the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b).

Here, mail was returned to the Court -- as undeliverable to the address provided by plaintiff -- more than 60 days ago. To date, plaintiff has not provided an updated address. Accordingly, pursuant to LCR 41(b)(2), the Court should dismiss this action without prejudice for failure to prosecute.

## CONCLUSION

For the reasons discussed above, this action should be DISMISSED without prejudice. A proposed Order and proposed Judgment accompany this Report and Recommendation.

Plaintiff has **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ.

NOTED FOR APRIL 7, 2023 - 2

P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the above time limit, the Clerk shall set this matter for consideration on **April 7, 2023**, as noted in the caption.

Dated this 17th day of March, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

NOTED FOR APRIL 7, 2023 - 3